Kenneth H. Moreno (SBN 108890)
kmoreno@murchisonlaw.com
Madison K. Moreno (SBN 347331)
mmoreno@murchisonlaw.com
Angela M. McNair (SBN 272194)
amcnair@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
750 B Street, Suite 2550
San Diego, California 92101-8114
Telephone: (619) 544-6838
Facsimile: (619) 544-1568

Attorneys for Defendant VERACITY WELLNESS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

SANNAM ELAZARI, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

VERACITY WELLNESS INC.,

Defendant.

CASE NO. 2:26-cv-06276

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANGELA M. MCNAIR**

Date: October 2, 2026
Time: 1:30 p.m.
Courtroom: 6A

The Hon. Michelle Williams Court
Trial Date: None Set

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2026, at p.m., in Courtroom 6A of the above entitled Court, located at 350 W 1st St #4311, Los Angeles, CA 90012 Defendant Veracity Wellness will move to dismiss Plaintiff's Complaint Dkt. No 2:26-cv-06276 pursuant to Fed. R. Civ. P. 9, Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

The grounds for Veracity Wellness, Inc.'s motion are set forth more fully in the accompanying Memorandum of Law, including that Plaintiff has failed to state a claim against Defendant upon which relief may be granted, that Plaintiff has failed to

allege with particularity any circumstances constituting fraud, and that Plaintiff lacks standing to pursue injunctive relief.

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities, the files and records in this action, argument of counsel, and upon such other and further matter adduced at the hearing or of which the court takes judicial notice.

The Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place by Zoom at 2:30PM PT/ 5:30PM ET on August 20, 2026. The parties were unable to resolve their differences.

DATED: August 31, 2026 **MURCHISON & CUMMING, LLP**

By: ***/s/ Angela M. McNair***
Kenneth H. Moreno
Madison K. Moreno
Angela M. McNair
Attorneys for Defendant VERACITY WELLNESS INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff filed this putative class action challenging certain advertising of Veracity Wellness, Inc.'s “Metabolism Ignite" dietary supplement. Plaintiff asserts violations of California’s False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, et seq.), Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200-17210), and Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750-1785).

Plaintiff’s claim for injunctive relief fails because she does not allege Article III standing to pursue it. She alleges only a past harm, not any threatened future injury. Plaintiff's complaint also fails to state a claim under California’s False Advertising Law, Unfair Competition Law, or Consumer Legal Remedies Act because Veracity's advertising is not likely to mislead consumers.

Plaintiff's theories improperly conflate an alleged lack of adequate scientific substantiation with falsity. Plaintiff alleges that ingredient-level research would be insufficient to substantiate certain representations, but that does not itself establish that the challenged representations are false. This deficiency is particularly apparent as to Plaintiff's allegations concerning breastfeeding safety and generalized health and wellness representations, for which the Complaint does not plead facts demonstrating falsity.

To the extent Plaintiff's claims depend upon the premise that Veracity represented Metabolism Ignite as Ozempic, a prescription GLP-1 receptor agonist, or its pharmacological equivalent, the allegations and advertising identified in the Complaint do not plausibly support that characterization. Plaintiff's claims should therefore be dismissed to the extent set forth below.

## II. PLAINTIFF’S ALLEGATIONS

**Defendant** Veracity Wellness, Inc. ("Veracity") sells and advertises dietary supplement, "Metabolism Ignite." Plaintiff is a resident of California. (Compl. Page 2, ¶ 4). Plaintiff alleges that Veracity claims "Metabolism Ignite" can “boost” or

"support" GLP-1 in a manner that would translate into appetite control and weight-loss outcomes associated in the public mind with prescription GLP-1 agonist medications. (Compl. Page 5, ¶ 18). Plaintiff complains that Veracity's marketing conveys to reasonable consumers that the supplement can deliver meaningful effects on appetite and weight loss. (Compl. Page 5, ¶ 19). Plaintiff further argues that Veracity's "marketing is intentionally misleading, implying that the only difference between the Product and synthetic GLP-1 agonist medications, such as Ozempic, is that the Product does not have the same side effects as synthetic GLP-1 agonist medications." (Compl. Page 11, ¶ 33).

## III. PLEADING STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" Iqbal, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. Id. (citation omitted). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A facial attack on subject matter jurisdiction challenges the allegations of the complaint. To survive a Rule 12(b)(1) challenge, the complaint must allege facts that affirmatively and plausibly suggest that it has standing to sue. Amidax Trading Group v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

/ / /

## IV. ARGUMENT

### A. Plaintiff Lacks Article III Standing to Pursue Injunctive Relief.

The Court must dismiss Plaintiff's claim for injunctive relief because she does not allege Article III standing. A plaintiff "must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 185 (2000). To seek injunctive relief, the plaintiff must show that she is likely to suffer future injury from the defendant's conduct. City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983). Furthermore, "the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" Davidson v. Kimberly–Clark Corporation, 889 F.3d 956 (2018).

In this case, Plaintiff does not allege that she faces any risk of future injury, let alone any "certainly impending" injury. Plaintiff fails to allege even a hypothetical or speculative future injury. Instead, Plaintiff merely claims that she, "would not have purchased the Product, or would have paid less for it, absent Defendant's misrepresentations and omissions." (Compl. Page 13, ¶ 44).

### B. The Complaint Does Not State A Plausible Claim Against Defendant Because Plaintiff Has Stated Insufficient Facts To State A Claim For False Advertising Under California Law.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct.1955 (2007)); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.")(citing Twombly and Iqbal). At a minimum, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly,550 U.S. at 556). Consequently, "thread bare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Iqbal, supra, 556 U.S. at 678-79 (citing Twombly, supra, 550 U.S. at 555). Similarly, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss").This means that the dismissal of a complaint is proper if it is vague, conclusory, and fails to set forth any material fact in support of the allegation. See N. Star Int'l v.Ariz. Corps. Comm'n, 720 F.2d 578, 583 (9th Cir.1983).

Plaintiff alleges Veracity's advertising of Metabolism Ignite was false and misleading in violation of California's False Advertising Law ("FAL"), the California Consumer Legal Remedies Act ("CLRA"), and California's Unfair Competition Law ("UCL"). (Compl. Pages 16-23, ¶¶ 58-104). As the FAL, CLRA, and UCL all use the reasonable consumer standard, courts often analyze the three statutes together. Eidmann v. Walgreen Co., 522 F.Supp.3d 634 (2021). To prevail on a claim under the FAL, a plaintiff must show that members of the public are likely to be deceived, assessed through the eyes of the reasonable consumer. Shaeffer v. Califia Farms, LLC, 44 Cal.App.5th 1125 (2020)). This standard substantively overlaps with the fraudulent prong of California's UCL and the plaintiff's burden under both provisions is the same. Id.

Here, Plaintiff alleges, "[d]efendant's website advertisements represented that the Product was safe to use while breastfeeding; the Product was a safer, natural equivalent alternative to weight-loss medications and injections; the Product would safely and effectively transition Plaintiff off GLP 1 medication; and the Product would improve overall energy, health and well-being." (Compl. Page 12, ¶ 41).

/ / /

/ / /

/ / /

First, Plaintiff has not alleged any facts to demonstrate that Metabolism Ignite is not safe to use while breastfeeding, is not safe and natural and does not improve energy, health and well-being. Plaintiff appears to rely primarily on the allegation, "[t]o the extent Defendant relied on ingredient-level or preliminary research, such materials would not substantiate the specific, consumer-facing claims at issue where the research does not match the Product’s formulation, dosing, population, endpoints, or duration necessary to support the advertised results." (Compl. Page 12, ¶ 35). However Plaintiff fails to make any allegations about the Metabolism Ignite formulation. Alleged lack of scientific substantiation is not equivalent to falsity.

Second, there are insufficient facts alleged to establish that Veracity's tagline, "Nature's Ozempic" would lead a reasonable consumer to believe that the dietary supplement and prescription medication are exactly equivalent. This is particularly true when Plaintiff alleges that Veracity clearly identifies the dietary supplement as a <u>natural alternative</u> to prescription medication.

**C. <u>The Plaintiff Fails To Allege With Particularity The Circumstances Of Any Alleged Fraud.</u>**

Federal Rule of Civil Procedure 9(b) requires claims sounding in fraud be pled with particularity. Fed. R. Civ. P. 9. As Plaintiff's allegations sound in Fraud, she must allege the who, what, where, when, and how of the alleged misconduct.
In this case, Plaintiff alleges, inter alia, "[d]efendant Veracity markets and sells its Product hoping to cash in on the synthetic GLP-1 agonist craze and swindle Americans, including Californians, into buying its Product." However, plaintiff fails to include the who, what, where when, or how of any alleged fraud and thus does not meet the heightened pleading standard of Rule 9 (b).

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

DATED: August 31, 2026

**MURCHISON & CUMMING, LLP**

By: ***/s/ Angela M. McNair***

Kenneth H. Moreno
Madison K. Moreno
Angela M. McNair
Attorneys for Defendant VERACITY WELLNESS INC.

# DECLARATION OF ANGELA M. MCNAIR

I, Angela M. McNair, declare and state:

1. I am an attorney-at-law licensed to practice in the State of California. I am an Associate Partner with Murchison & Cumming LLP, counsel retained to represent JINX, INC. ("Defendant") in this matter. I am one of the attorneys at our firm responsible for handling the defense of this matter on behalf of Defendant and, on this basis, and upon such other bases set forth below, I have personal knowledge of the matters set forth in this Declaration, except where stated on information and belief, and could and would competently testify to them under oath if called as a witness.

2. On August 20, 2026 at approximately 2:30pm., I conferred via telephone with Plaintiff's counsel regarding Defendant's motion to dismiss. Defendant maintains that Plaintiff's Complaint, as drafted, fails to state a cause of action against Defendant. Plaintiff disagrees. As we were unable to resolve our differences, Defendant is proceeding with filing a motion to dismiss.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 31st day of August, 2026, at Los Angeles, California.

***/s/ Angela M. McNair***
Angela M. McNair

## PROOF OF SERVICE

**Sannam Elazari vs. Veracity Wellness Inc., et al.**
**26-CV-06276**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 750 B Street, Suite 2550, San Diego, CA 92101-8114. On August 31, 2026, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANGELA M. MCNAIR** on the interested parties in this action as follows:

| | |
|---|---|
| Robert Mackey, Esq.<br>The Law Offices of Robert Mackey<br>16320 Murchy Road<br>Sonora, CA 95370<br>Telephone: 412-370-9110<br>E-Mail: bobmackeyesq@aol.com | Attorneys for Plaintiff SANNAM ELAZARI |
| Jane N. Manwarring, Esq.<br>Matthew A. Smith, Esq.<br>Migliaccio & Rathod LLP<br>412 H Street NE, Ste. 302<br>Washington D.C. 20002<br>Telephone: (202) 978-2111<br>E-Mail: jmanwarring@classlawdc.com<br>E-Mail: msmith@classlawdc.com<br>E-Mail: nmigliaccio@classlawdc.com | Attorneys for Plaintiff SANNAM ELAZARI |
| Stanley D. Ference IV<br>Sara J. Watkins, Esq.<br>Robert Peirce & Associates, P.C.<br>437 Grant Street, Suite 1100<br>Pittsburgh, PA 15219<br>Telephone: (800) 543-9859<br>Facsimile: (412) 281-4229<br>E-Mail: mference@peircelaw.com<br>E-Mail: swatkins@peircelaw.com | Attorneys for Plaintiff SANNAM ELAZARI |

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on August 31, 2026, at San Diego, California.

***/s/ Elspeth U. Della***
Elspeth U. Della